UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON LYN WYATT,

                Plaintiff,

    v.

KING COUNTY,

                Defendant.

CASE NO. 2:25-cv-01986-RAJ-GJL

ORDER DECLINING TO SERVE

The District Court referred this action to United States Magistrate Judge Grady J. Leupold. Plaintiff Brandon Lyn Wyatt, proceeding *pro se* and *in forma pauperis*, filed a proposed civil rights Complaint under 42 U.S.C. § 1983. Dkts. 3, 3-1. Having reviewed and screened Plaintiff's proposed Complaint (Dkt. 3-1) under 28 U.S.C. § 1915A, the Court **DECLINES** to serve the proposed Complaint, but **GRANTS** Plaintiff **leave to amend** it, if possible, to correct the deficiencies identified herein.

///

///

///

ORDER DECLINING TO SERVE - 1

## I. BACKGROUND

Plaintiff, a pretrial detainee currently confined at the King County Jail ("KCJ"), initiated this lawsuit on October 8, 2025. Dkt. 1. After receiving an IFP Deficiency Letter, Plaintiff filed his Motion to Proceed *In Forma Pauperis* ("IFP Motion") and proposed Complaint. Dkts. 3, 3-1.

In the Complaint, Plaintiff alleges that while detained at KCJ, King County violated his right to adequate medical care. Dkt. 3-1 at 1. Before his detention, Plaintiff was shot several times in his left leg. *Id.* Two weeks later, Plaintiff arrived at KCJ while still recovering from his gunshot wounds. *Id.* Jail officials immediately placed Plaintiff in segregation because his injuries prevented him from protecting himself. *Id.* He remained in the segregated unit for sixty days. *Id.* During the time in segregation, Plaintiff sought medical care because his wounds were swollen and infected. *Id.* Jail officials refused his requests for treatment. *Id.* Without care, Plaintiff developed a blood clot. *Id.*

## II. DISCUSSION

**A.    Screening Standard**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, if

1  the claims put forth in the complaint lack any arguable substance in law or fact, then the
2  complaint must be dismissed as frivolous. 28 U.S.C. § 1915A(b); *see Akhtar v. Mesa*, 698 F.3d
3  1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave
4  to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured
5  by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

**B.     *Monell* Claim**

Plaintiff alleges that Defendant King County violated his civil rights because it was responsible for his lack of medical treatment at KCJ. Dkt. 3-1 at 1.

Local government entities such as counties can be sued directly under § 1983 for damages or equitable relief where a plaintiff alleges that the entity's official or unofficial policy, custom, usage, or practice was the "moving force [behind] the constitutional violation." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1970). A plaintiff can establish municipal liability by: (1) stating that an officer "committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) establishing that the officer who committed the constitutional tort "was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy"; or (3) proving that an official "with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).

"At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985). But a complaint that simply recites the elements of a *Monell* claim is insufficient to put a municipality

ORDER DECLINING TO SERVE - 4

on fair notice of the claims against it. *White v. City of Vacaville*, No. 12-515, 2012 U.S. Dist. LEXIS 58769, at *4 (E.D. Cal. Apr. 26, 2012).

Plaintiff fails to raise a *Monell* claim against King County because he does not provide any allegations regarding King County's policies, practices, or customs. In the proposed Complaint, he states in a conclusory manner that King County was responsible for his alleged mistreatment at KCJ. These allegations do not give rise to a *Monell* claim.

Plaintiff does not allege any facts suggesting that a policy or custom of King County resulted in his injury or that any conduct amounted to King County's official policy. Nor does he allege that the acts described in the proposed Complaint were committed by an official with final policy-making authority. For these reasons, Plaintiff fails to state a claim against King County under *Monell*. And because King County is the sole Defendant in this action, Plaintiff fails to state any colorable claims in his proposed Complaint.

Therefore, if Plaintiff wishes to pursue this § 1983 action, he **MUST FILE an amended complaint** that cures the identified deficiencies of the proposed Complaint. He **may also add** to the amended complaint the jail officials at KCJ who allegedly failed to provide him adequate medical care.

### III.   INSTRUCTIONS TO PLAINTIFF AND THE CLERK

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within it, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person or entity who violated the right; (3) exactly what the individual or entity did or failed to do; (4) how the action or inaction of the individual or entity is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered

because of the individual's or entity's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking any Defendants to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before **December 15, 2025**, the undersigned will **RECOMMEND dismissal** of this action **without prejudice** pursuant to 28 U.S.C. § 1915A.

///

///

///

///

Finally, the Clerk of Court is directed to send Plaintiff a copy of this Order and the appropriate forms for filing an amended 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 13th day of November, 2025.

Grady J. Leupold
United States Magistrate Judge